UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN BELCHER,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                    Defendants. | 3:20-cv-00554-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Kevin Belcher's ("Belcher"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Belcher's *in forma pauperis* application (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed as outlined below.

I.  **IN FORMA PAUPERIS APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some

---

[1]  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Belcher cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.   SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more

1 than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief
2 above a speculative level." *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing
3 the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not
4 represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Still, a liberal
5 construction may not be used to supply an essential element of the claim not initially pled.
6 *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If dismissal is appropriate, a *pro se*
7 plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless
8 it is clear that those deficiencies cannot be cured.  *Cato v. United States*, 70 F.3d 1103,
9 1107 (9th Cir. 1995).

**III.   SCREENING OF COMPLAINT**

In his complaint, Belcher sues Defendants State of Nevada, Nevada Governor Steve Sisolak, Nevada Supreme Court Chief Justice Kristina Pickering, District Court Chief Judge Scott Freeman, and Washoe County under 42 U.S.C. § 1983.  (*See* ECF No. 1-1.)  Belcher's complaint asks Defendants to "continue to suspend all jury trials… until it is safe to attend court without restrictions" due to the COVID-19 pandemic.  (*Id.* at 3-4.)  Belcher also asserts that his rights were violated "by not granting his right to non-excessive bail."  (*Id.* at 5.)  Belcher seeks an emergency injunction to stop all jury trials in Washoe County due to the COVID-19 pandemic. (*Id.* at 6.)  Belcher also seeks "affordable bail or immediate monitored (GPS) release for all qualified pre-trial detainees of Washoe Co. Nevada."  (*Id.*)

**A.   Injunction to Continue Suspending State Criminal Jury Trials**

The court first notes that, to the extent Belcher is asking this court to review a state court decision (in this case to suspend jury trials), it does not have jurisdiction to sit as an appellate court in review of state court decisions.  Any error in state court proceedings must be corrected by the appellate courts of the state and ultimately, where grounds exist, by the United States Supreme Court.  *Atlantic Coast Lines R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970).

Further, it appears that Belcher is asking the court to intervene in ongoing state

criminal proceedings related to his trial. However, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings").

To determine if *Younger* abstention applies, federal courts look to whether the state criminal proceeding is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity… to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted); *see also Younger*, 401 U.S. 37. The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). Because it appears Belcher's criminal case is still pending, all prerequisites of the *Younger* abstention doctrine are present. Belcher is the subject of an ongoing criminal proceeding in state court that has not reached final adjudication. The State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Further, the state court criminal proceedings would afford an opportunity for Belcher to raise the constitutional claims asserted in the Complaint.

Accordingly, the court recommends that Belcher's request for injunction be denied.

**B.    Excessive Bail**

As to Belcher's allegation that his right to non-excessive bail was violated, this claim should be dismissed, without prejudice, and without leave to amend.

The Eighth Amendment provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Bail is excessive under the Eighth Amendment when it is set at a figure higher than an amount reasonably calculated to ensure the asserted governmental interest. *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack v. Boyle*, 342 U.S. 1, 4-6 (1951).

When a pretrial detainee challenges a bail determination, the Supreme Court and the Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus). Under Nevada law, an accused in custody pending trial may challenge a district court's bail decision by a petition for a writ of habeas corpus. *Application of Knast*, 96 Nev. 597, (1980) (citing NRS 34.530); *State v. Teeter*, 65 Nev. 584, 590-91 (1948) (when a pretrial detainee alleges the trial court wrongfully denied bail, "the usual procedure is … a writ of habeas corpus."), *overruled in part on other grounds by Application of Wheeler*, 81 Nev. 495 (1965).

Although Belcher has styled his proposed Complaint as a § 1983 action, Belcher's allegation of excessive bail actually requests habeas relief. This allegation falls within the core of habeas corpus because it challenges the fact or duration of Belcher's confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (A prisoner or pretrial detainee in state custody cannot use a § 1983 to challenge "the fact or duration of his confinement," but instead must seek habeas corpus relief or the appropriate state relief.) Specific habeas corpus statutes and remedies clearly apply to his claim. In light of Nevada's available and adequate habeas remedies, Supreme Court precedent clearly provides that § 1983 is not the correct procedural mechanism for Belcher's claim. Accordingly, the court recommends dismissal of the excessive bail claim, without prejudice, and without leave to amend.

///

## IV. CONCLUSION

For the reasons articulated above, the court recommends that Belcher's application to proceed *in forma pauperis* (ECF No. 1) be granted, the request for injunction (ECF No. 1-1) be denied, and his complaint (ECF No. 1-1) be dismissed without prejudice, and without leave to amend as to the excessive bail claim.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Belcher's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Belcher's request for injunction (ECF No. 1-1) be **DENIED**; and,

**IT IS FURTHER RECOMMENDED** that Belcher's complaint (ECF No. 1-1) be **DISMISSED WITHOUT PREJUDICE, AND WITHOUT LEAVE TO AMEND**, as to the excessive bail claim.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED:** October 19, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**