UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN BELCHER,<br><br>　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, *et al.*,<br>　　　　　　　Defendants. | Case No. 3:20-cv-00554-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Kevin Belcher brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 3), primarily recommending that Plaintiff's request for injunction be denied and that Plaintiff's Complaint be dismissed, without prejudice, and without leave to amend with respect to the excessive bail claim. Plaintiff had until November 2, 2020 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss Plaintiff's Complaint without prejudice and without leave to amend.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends that Plaintiff's application to proceed *in forma pauperis* be granted because Plaintiff's application reveals he cannot pay the filing fee. (ECF No. 3 at 2.) Further, Judge Baldwin determined that Plaintiff's requested injunction would require the Court to review a state court's decision not to suspend jury trials. (*Id.* at 3.) Because the Court does not have jurisdiction to sit as an appellate court reviewing state court decisions, Judge Baldwin recommends Plaintiff's requested injunction be denied. (*Id.*) Judge Baldwin also assessed that the *Younger* abstention doctrine would apply to Plaintiff's requested injunction, which would prevent the Court from interfering with pending state criminal proceedings against Plaintiff. (*Id.* at 4.) Finally, Judge Baldwin determined that Plaintiff's allegation of excessive bail requests habeas relief, and that a § 1983 action is not the correct procedural mechanism for Plaintiff's claim. (*Id.* at 5.) Accordingly, Judge Baldwin recommends that Plaintiff's excessive bail claim be dismissed, without prejudice, and without leave to amend. (*Id.*) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is granted.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's request for injunction (ECF No. 1-1) is denied.

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed, without prejudice but without leave to amend, as to his excessive bail claim.

///

///

///

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 16th Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE